835 F.2d 873
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John K.W. BONDZIE, Plaintiff-Appellant,
v.
David LIVELY, Jr.; Sham V. Deshpande, Defendants-Appellees,
and
Inder Midha; Joan B. Studds; B.S. Nagarajan; J.E.
Sheffield; Mrs. B.T. Carter; Mr. Carter; Jack Fulton;
Mrs. Reba Dotson; Tom O'Donell; Patricia Vinny; Ricky
Russ; Dan Verma; City of Richmond, Defendants.
 No. 87-1605.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 3, 1987.
Decided Dec. 10, 1987.
 
 John Paul Woodley, Jr. (Woodley, Simon & Woodley, on brief), for appellant.
 Beverly Agee Burton, Assistant City Attorney (Michael L. Sarahan, Assistant City Attorney, on brief), for appellees.
 Before DONALD RUSSELL, WIDENER, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 John Bondzie appeals the district court's entry of summary judgment for Defendants on employment discrimination claims.[1] We affirm.
 
 I.
 
 2
 Bondzie is a native of Ghana and a naturalized citizen of the United States over the age of 40. He was hired by the City of Richmond on April 1, 1985 as an electrical engineer. After an extended probationary period, he was terminated on November 27, 1985.
 
 
 3
 In September 1986, Bondzie filed an employment discrimination action under 42 U.S.C.A. Sec. 2000e (West 1981) (Title VII) and 42 U.S.C.A. Sec. 1983 (West 1981), claiming that an "East Indian network" of supervisors and employees acted in concert to prevent a promotion and to bring about his termination. He also asserted an age discrimination claim under 29 U.S.C.A. Sec. 623(a) (West 1985). Defendants moved for summary judgment and submitted supporting affidavits.
 
 
 4
 Sham Deshpande, an Asian Indian, was Bondzie's supervisor. He gave him a "below standards" evaluation at the end of his probationary period, but extended the term for another two months to give Bondzie an opportunity to improve. Deshpande stated that his dissatisfaction with Bondzie's performance became "so extreme" that he "suspected that [Bondzie] did not have the experience, qualifications, and educational background he claimed on his application for employment." When requested to give permission for the release of his transcripts from the educational institutions listed by Bondzie on his application for employment, he refused claiming that he considered the request a "violation of my rights to privacy."
 
 
 5
 At the end of the two-month probationary extension, Bondzie was terminated on the recommendation of David Lively, Jr., Deshpande's supervisor. Lively stated that he recommended the termination because "[Bondzie's] deficiencies in job performance were intolerable." Lively further stated that "Mr. Bondzie's position was not filled at all after his termination; the position was abolished as part of a restructuring of the Electrical Inspection Division. Another Senior Electrical Engineer was not hired for that Division until the retirement of an employee, Warren Fox, which took place several months after Mr. Bondzie was terminated."
 
 II.
 
 6
 In Title VII employment discrimination cases, a plaintiff must show that:
 
 
 7
 (1) he belongs to a protected class;
 
 
 8
 (2) he was qualified for the employment in question;
 
 
 9
 (3) he was discharged; and
 
 
 10
 (4) the employer then attempted to replace or replaced him.
 
 
 11
 See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Once a prima facie case is established, the employer must articulate a legitimate, nondiscriminatory reason for discharge. The plaintiff must then show that the justification for termination was a mere pretext.
 
 
 12
 The record establishes the first and third of the above elements. The district court assumed for purposes of the motion that Bondzie was qualified for his employment and that attempts were made to replace him after termination.
 
 
 13
 Review of the record demonstrates conclusively that Defendants articulated a nondiscriminatory reason for the firing, Bondzie's extremely poor job performance. In rebuttal, Bondzie submitted his affidavit, which essentially provided only conclusory assertions that he performed his job well. We conclude that there was no genuine issue of material fact regarding Bondzie's termination. The district court correctly found that it was not grounded on a discriminatory motive. This same conclusion was correct regarding the section 1983 claim, which was based on the same assertion of discrimination.
 
 
 14
 As to the age discrimination claim, which was not substantially advanced by Bondzie, it cannot reasonably be said that but for his age, he would not have been terminated. Lovelace v. Sherwin-Williams Co., 681 F.2d 230, 243 (4th Cir.1982).
 
 
 15
 AFFIRMED.
 
 
 
 [1]
 Defendants argue that the notice of appeal is defective under Fed.R.App.P. 3(c) because it did not cite the City of Richmond which Defendants claim is the only proper party-defendant. Thus, they argue that this court is without jurisdiction to review the district court order. However, the two basic objectives of Rule 3 were met by notifying the court and opposing parties that an appeal was being taken. Cobb v. Lewis, 488 F.2d 41, 45 (5th Cir.1974)